# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAISY MARES,**

  **Plaintiff,**

**v.**                                                                 **No. 18-cv-1068 SMV**

**ANDREW SAUL,[1]**
**Commissioner of Social Security Administration,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 30] and Memorandum in Support [Doc. 31] (together, "Motion"), filed on April 16, 2021.  The Motion seeks $17,395 in attorney fees for legal services rendered before the Court.  [Doc. 30] at 1.  The Commissioner responded on April 20, 2021. [Doc. 32].  He takes no position on the request for fees.  *Id.*  The parties have consented to the undersigned's entering final judgment in this case.  [Doc. 21].  Having reviewed the briefs, the record, and the applicable caselaw and being otherwise fully advised in the premises, the Court finds that the Motion is well taken.  Attorney fees of $17,395 will be awarded.

## Procedural History

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  *See* [Doc. 26] at 4.  After exhausting her

---

[1] Andrew Saul is the current Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative appeals, Plaintiff timely filed an action in this Court on November 15, 2018. [Doc. 1]. Ultimately, this Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. [Doc. 26]. On remand from this Court, an ALJ issued a final administrative decision fully favorable to Plaintiff on January 4, 2021. Notice of Decision – Fully Favorable [Doc. 31-1] at 1–3, 6–13. Plaintiff was awarded back benefits totaling approximately $102,357. *See* [Doc. 31] at 2; Notice of Award [Doc. 31-2] at 3. The Commissioner has withheld $25,589.25 to pay for representation before the Administration and before this Court.[2] [Doc. 31] at 1; [Doc. 31-2] at 3.

Plaintiff and her counsel entered into a contingency fee agreement providing that Plaintiff would pay her attorney 25% of any back benefits in exchange for representation in federal court. Federal Court Agreement [Doc. 31-4] at 1. Plaintiff's counsel has requested $17,395 for representation before this Court, which is about 16.9% of the back benefits awarded. Because the attorney fees at issue here are not paid by the government but, instead, are paid out of Plaintiff's benefits, the Commissioner has no direct interest in the instant motion for fees. *See* [Doc. 32] at 2. He "generally takes no position on such petitions." *Id.*

### Standard

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration. In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an attorney,

---

[2] Under 42 U.S.C. § 406(a), any award of fees for services performed before the Administration is properly a matter for the Administration to decide. This Court awards fees only for services performed here. § 406(b); *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

the court may determine and allow as part of its judgment a
reasonable fee for such representation, not in excess of 25 percent
of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment . . . .

42 U.S.C. § 406(b)(1) (2018). "The tenor of 406(b) is permissive rather than mandatory. It says

that the court *may* make such an award, not that such an award *shall* be made." *Whitehead v.*

*Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). The *Whitehead* court reasoned that "Congress

recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id*.

Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that

the court is expected to determine whether to allow attorney's fees. *Id*. Traditionally, an award of

attorney's fees is a matter within sound discretion of the court. *Id*.

In *Gisbrecht v. Barnhart*, the Supreme Court concluded that § 406(b) was designed by

Congress to "control, not displace, fee agreements between Social Security benefit claimants and

their counsel." 535 U.S. 789, 792 (2002). Courts should review fee arrangements "as an

independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The

statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to

be used to substantiate reasonableness. *Id.* at 808–09.

Courts have reduced attorney-fee "recovery based on the character of the representation

and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have

caused delays or provided substandard representation, or if the benefits are large in comparison to

the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also*

*McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider

the reasonableness of the contingency percentage to make sure the attorney does not receive fees

which are out of proportion to the services performed, the risk of loss[,] and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

## Analysis

First, the Court must determine if the Federal Court Agreement meets § 406(b)(1) guidelines. The Agreement reads, in pertinent part:

> FEDERAL COURT AGREEMENT
>
> . . . .
>
> My fee will be contingent on obtaining a favorable decision. If I win your claim, my fee will be 25% of the past due benefits. The fees will be subject to approval by the Social Security Administration and Court. . . . . If we do not win, you owe me no fee.

[Doc. 31-4] at 1. Thus, the Federal Court Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent-fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has the burden of demonstrating that her request for fees is reasonable under the circumstances. *Id*. The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the

attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.*

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $17,395 is reasonable for representation of Plaintiff before this Court. Attorney Jarvis ably represented Plaintiff before this Court, spending 24.85 hours of time. [Doc. 31-1] at 2. Counsel's representation was more than adequate; she ultimately secured an award of benefits for Plaintiff. [Doc. 31-1] at 1; [Doc. 32-1] at 1. Next, the Court finds that Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case (24.85 hours). [Doc. 31-3] at 2. It would equate to an effective hourly rate of $700. Considering counsel's experience and performance in this case, the Court finds the rate to be reasonable.[3]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 30] is **GRANTED**. Counsel is awarded **$17,395** in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.[4]

       **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[3] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney fees at an effective rate of $643 per hour); *Montes v. Barnhart*, No. 01-cv-0578 BB/KBM (D.N.M. Dec. 3, 2004) (approving attorney fees at an effective rate of $701.75 per hour).

[4] As counsel acknowledges, she is required to refund the smaller of the EAJA award (or, if applicable, whatever portion of the EAJA award not subject to offset under the Treasury Offset Program) or this § 406(b) award to Plaintiff in accordance with *Gisbrecht*, 535 U.S. at 796. [Doc. 30] at 1–2.